# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETS

| | |
|---|---|
| Thomas O. Flock | ) |
| Twin Valley Transport LLC | ) |
| 42991 Spring Greek Road | ) |
| Nebo, IL 62355 | ) |
| | ) |
| Dennis K. Thompson | ) |
| 62 Brannon Montgomery Road | ) Civil Action No. |
| Mauk, GA 31058 | ) |
| | ) |
| Thomas H. Gooden | ) |
| 10720 Kim Lane | ) |
| Hudson, FL 34669-2530 | ) |
| | ) |
| C. Douglas Heisler | ) |
| 287 Riverview Road | ) |
| Peach Bottom, PA 17563-9717 | ) |
| | ) |
| Walter A. Johnson | ) |
| 153 Garden Street | ) |
| Lawrence, MA 01840-1608 | ) |
| | ) |
| Gayla S. Kyle | ) |
| P.O. Box 914 | ) **CLASS ACTION COMPLAINT** |
| Ogden, KS 66517-0914 | ) **FOR DAMAGES** |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| United States Department of Transportation | ) |
| 1200 New Jersey Ave., S.E. | ) |
| Washington, D.C. 20590 | ) |
| | ) |
| Federal Motor Carrier Safety Administration | ) |
| 1200 New Jersey Ave., S.E. | ) |
| Washington, D.C. 20590 | ) |
| | ) |
| The United States of America | ) |
| c/o The Attorney General of the United States | ) |
| 950 Pennsylvania Avenue N.W. | ) |
| Washington, DC 20503 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NATURE OF THE CASE

1.      The Federal Motor Carrier Safety Administration ("FMCSA") operates and maintains a database that contains information relating to the safety records of commercial truck drivers and motor carriers.  This database is known as the Motor Carrier Management Information System or "MCMIS." MCMIS is a comprehensive record of safety performance and contains crash, census, inspection, compliance review and enforcement information.

2.      By statute FMCSA is authorized to disseminate a subset of the driver inspection records maintained in the MCMIS database to potential employers of commercial truck drivers.  The program is known as the Pre-Employment Screening Program or "PSP." As relevant here, that subset is limited to accident reports and reports of serious driver-related safety violations.  49 U.S.C. § 31150(a). The Secretary of Transportation is required to determine which violations of applicable safety standards are serious driver-related violations. 49 U.S.C. § 31150(d).

3.      FMCSA has intentionally or willfully disseminated inspection reports covering Plaintiff Drivers and others similarly situated that contain references to alleged safety violations not determined by the Secretary to be serious driver-related safety violations.

4.      Under the PSP program, the safety records of Plaintiff Drivers and others similarly situated have been improperly disparaged.  The economic value of services provided by Plaintiff Drivers, and other similarly situated, as commercial motor vehicle operators has been diminished by the actions of FMCSA in unlawfully disseminating driver inspection records not authorized for dissemination under the PSP.  Plaintiff Drivers and other similarly situated have been adversely affected and have sustained actual damages within the meaning of the Privacy Act. They are entitled to actual damages, statutory damages, attorney fees and costs of suit pursuant to 5 U.S.C. §§ 552a(g)(1)(D) and 552a(g)(4).

## JURISDICTION AND VENUE

5.     This court has jurisdiction pursuant to 5 U.S.C. § 552a(g)(1)(D) (the Privacy Act), and 28 U.S.C. § 1331 (Federal Question Jurisdiction).

6.     Venue is proper in this Court pursuant to 5 U.S.C. § 552a(g)(5) because the agency records at issue here are situated at the Volpe National Transportation Systems Center, U.S. Department of Transportation, 55 Broadway, Cambridge, MA 02142, a location within this judicial district.

## PARTIES

7.     Plaintiffs Thomas O. Flock, Dennis K. Thompson, Thomas H. Gooden, C. Douglas Heisler, Walter A. Johnson, and Gayla S. Kyle, are professional commercial vehicle operators whose driving activities have been the subject of reports unlawfully released for dissemination by Defendant FMCSA under its Pre-Employment Screening Program ("PSP"), 49 U.S.C. § 31150(a) – (d) within a two-year period immediately prior to the filing of this complaint. Plaintiffs will be referred to herein collectively as "Plaintiff Drivers."

8.     Defendant, United States Department of Transportation ("DOT") is a department within the executive branch of the federal government, having responsibility for enforcing various federal transportation laws and regulations.  Defendant, Federal Motor Carrier Safety Administration ("FMCSA") is a federal agency within the United States Department of Transportation. DOT and FMCSA are agencies within the meaning of 5 U.S.C. §§ 552a(a)(1) and 552(f)(1).

9.     Defendant, United States of America, is a sovereign power that has, by Act of Congress, assumed liability to individuals for damages, costs and reasonable attorney fees in any suit brought under 5 U.S.C. § 552(a)(g)(1)(C) or (D) where a court determines that an agency of the United States has acted in a manner that was intentional or willful.  5 U.S.C. § 552(g)(4).

## STATUTORY BACKGROUND

10.     49 U.S.C. § 31150(a)(1)-(3) authorizes the Secretary of Transportation ("the Secretary") to provide access to a limited subset of inspection records maintained in the MCMIS database to persons conducting pre-employment screening services for motor carriers under FMCSA's Pre-Employment Screening Program.  This authorization limits access under the PSP program to: (1) commercial vehicle accident reports; (2) inspection reports that contain no driver-related safety violations; and (3) serious driver-related safety violation reports.

11.     49 U.S.C. § 31150(b)(1) requires Defendant to ensure that the release of information under the PSP program be in accordance with various federal statutes related to privacy including the Privacy Act, 5 U.S.C. § 552a.

12.     49 U.S.C. § 31150(c) provides that the process for granting access to MCMIS driver records under Section 31150(a) "shall be designed to assist the motor carrier industry in assessing an individual operator's crash and *serious safety violation inspection* history as a pre-employment condition." (Emphasis added)

13.     The statute defines "serious driver-related violation" to mean "…a violation by an operator of a commercial motor vehicle that the Secretary determines will result in the operator being prohibited from continuing to operate a commercial motor vehicle until the violation is corrected." 49 U.S.C. § 31150(d).

14.      The only driver-related violations for which the Secretary, or his delegate, has authorized enforcement officials to prohibit the continued operation of a commercial motor vehicle until the violation  is corrected are for the use of alcohol under 49 C.F.R. §392.5(c) and for specific violations of the Hours of Service rules under 49 C.F.R. §395.13.  Prohibiting continued operation of a commercial motor vehicle is known as an out-of-service order.

15.     Under The Privacy Act, an agency that maintains a system of records may disseminate from its records "only such information about an individual as is relevant and necessary to

4

accomplish a purpose of that agency required to be accomplished by Statute or Executive order of the President." 5 U.S.C. § 552a(e)(1).

16.     Except as may be disclosed in commercial vehicle accident reports, Congress has provided no authority under 49 U.S.C. § 31150(a) for FMCSA to disseminate under the PSP program inspection reports dealing with violations that the Secretary has not determined to be "serious driver-related inspection reports" within the meaning of 49 U.S.C. § 31150(d). Dissemination of such records is neither relevant nor necessary to accomplish the specifically defined purpose of the PSP program (set forth in 49 U.S.C. § 31150(c)) within the meaning of 5 U.S.C. § 552a(e)(1) and (6).

17.     Numerous PSP reports generated by Defendants, including, but not limited to, PSP reports covering Plaintiff Drivers, identify violations that do not constitute a  serious driver-related safety violation within the meaning of 49 U.S.C. §§ 31150(a), (c) and (d).

18.     The dissemination of PSP reports containing alleged violations of law not determined by the Secretary to be "serious-driver related violations" under circumstances where motor carriers are entitled only to receive "serious driver-related safety violation inspection reports" diminishes the economic value of services offered by Plaintiff Drivers and others similarly situated as well as the employment opportunities available to such drivers. Plaintiff Drivers and others similarly situated have been adversely affected by Defendants' unlawful implementation of the PSP program.

### DEFENDANT HAS NOT PROMULGATED AN ADMINISTRATIVE REMEDY APPLICABLE TO PLAINTIFF DRIVERS' CLAIMS

19.     Defendant FMCSA has by regulation established an administrative remedy available to

address claims by individuals that he or she has either been improperly denied access to his or her records pursuant to 5 U.S.C. § 552a(d)(1) or improperly denied a request to amend records pursuant to 5 U.S.C. § 552a(d)(2)-(4).  The administrative remedy established by the Defendant FMCSA is found at 49 C.F.R. § 10.51.

20.     Plaintiff Drivers raise no claims in this proceeding with respect to their rights under 5 U.S.C. § 552a(d)(1) or (d)(2)-(4). The administrative remedy established under 49 C.F.R. § 10.51 has no applicability here.

21.     Plaintiffs' claims in this proceeding arise under 5 U.S.C. §§ 552a(g)(1)(D) and 5 U.S.C. § 552a(e)(1) and (6).

22.     Defendant FMCSA has created no administrative remedy applicable to the claims asserted by Plaintiff Drivers in this proceeding. There are no administrative remedies to exhaust prior to an adjudication of Plaintiffs Drivers' claims by this Court.

### ALLEGATIONS WITH RESPECT
### TO INDIVIDUAL PLAINTIFF DRIVERS

23.     Plaintiff Thomas O. Flock is a resident of the State of Illinois and has been issued Commercial Drivers License Number W113040001.

    A.  Defendant FMCSA has prepared and made available for dissemination to potential employers of Plaintiff Flock one or more PSP reports that include references to the following alleged driver-related violations:

| PSP Report Date | Driver Name | Driver Violation | Description of Violation |
|---|---|---|---|
| 3/19/2014 | Flock, Thomas | 392.2W | Excessive Weight violation |
| | | 392.2-SLLS2 | State/Local Laws – Speeding 6-10 miles per hour over the speed limit |

| | | 392.2RG | State vehicle registration or License Plate violation |
|---|---|---|---|
| | | 392.2-SLLS2 | State/Local Laws – Speeding 6-10 miles per hour over the speed limit |
| | | 392.16 | Failing to use seat belt while operating CMV |
| | | 392.2-SLLEWA1 | State/Local Laws – Excessive weight – 1-2500 lbs over on an axle/axle groups |
| | | 392.2-SLLEWG1 | State/Local Laws – Excessive weight – 1-2500 lbs over on allowable gross weight |

B. The Secretary of Transportation has not made a determination that the violations identified above in Mr. Flock's PSP report are "serious driver-related violations" under 49 U.S.C. § 31150(d).

C. The Secretary of Transportation has not authorized or required enforcement officials to prohibit drivers from continuing to operate a commercial motor vehicle until the violations identified above in Mr. Flock's PSP report have been corrected.

D. FMCSA has disparaged Plaintiff Flock's qualifications for employment as a commercial motor vehicle driver in a manner not authorized by law. FMCSA's action was designed to compromise or impair and has compromised or impaired Flock's ability to secure gainful employment with good wages and benefits within the trucking industry.

E. Disparagement of Plaintiff Flock's qualifications as a commercial motor vehicle operator has had a negative economic or pecuniary impact on his ability to earn a living as a commercial motor vehicle.

F. The only avenue available to Plaintiff Flock to acquire current and accurate information with respect to FMCSA's unlawful conduct is to purchase a copy of his PSP report from Defendant. Plaintiff Flock is required to pay a fee of $10.00 to FMCSA's statutory employee each time he seeks to gain access to a current

copy of his PSP report from Defendant.  5 U.S.C. § 552a(m).

    G.  Plaintiff  Flock has been adversely effected by Defendants' conduct and has

        suffered actual damages within the meaning of 5 U.S.C. § 552a(g)(1)(D) as a

        result of FMCSA's wrongful conduct.

24.    Plaintiff Dennis K. Thompson is a resident of the State of Georgia and has been issued

Commercial Drivers License Number 051019538.

    A.  Defendant FMCSA has prepared and made available for dissemination to

        potential employers of Plaintiff Thompson one or more PSP reports that include

        references to the following alleged driver-related violations:

| PSP Report Date | Driver Name | Driver Violation | Description of Violation |
|---|---|---|---|
| 6/20/2014 | Thompson, Dennis | 395.8(f)(1) | Drivers record of duty status not correct |
| | | 395.8(f)(1) | Drivers record of duty status not correct |
| | | 395.3(a)(2) | 14 hour rule violation (Property) |
| | | 395.3(a)(1) | 11 hour rule violation (Property) |
| | | 395.8(f)(1) | Drivers record of duty status not correct |
| | | 392.16 | Failing to use seat belt while operating CMV |
| | | 395.8(f)(1) | Drivers record of duty status not correct |
| | | 392.71(a) | Using or equipping a CMV with radar detector |
| | | 392.71(a) | Using or equipping a CMV with radar detector |
| | | 392.2-SLLS2 | State/Local Laws – Speeding 6-10 miles per hour over the speed limit |
| | | 392.2-SLLSWZ | State/Local Laws – Speeding work/construction zone |

    B.  The Secretary of Transportation has not made a determination that the violations

        identified above in Mr. Thompson's PSP report are "serious driver-related

        violations" under 49 U.S.C. § 31150(d).

C.  The Secretary of Transportation has not authorized or required enforcement officials to prohibit drivers from continuing to operate a commercial motor vehicle until the violations identified above in Mr. Thompson's PSP report have been corrected.

D.  FMCSA has disparaged Plaintiff Thompson's qualifications for employment as a commercial motor vehicle driver in a manner not authorized by law. FMCSA's action was designed to compromise or impair and has compromised or impaired Thompson's ability to secure gainful employment with good wages and benefits within the trucking industry.

E.  Disparagement of Plaintiff Thompson's qualifications as a commercial motor vehicle operator has had a negative economic or pecuniary impact on his ability to earn a living as a commercial motor vehicle.

F.  The only avenue available to Plaintiff Thompson to acquire current and accurate information with respect to FMCSA's unlawful conduct is to purchase a copy of his PSP report from Defendant. Plaintiff Thompson is required to pay a fee of $10.00 to FMCSA's statutory employee each time he seeks to gain access to a current copy of his PSP report from Defendant.  5 U.S.C. § 552a(m).

G.  Plaintiff Thompson has been adversely effected by Defendants' conduct and has suffered actual damages within the meaning of 5 U.S.C. § 552a(g)(1)(D) as a result of FMCSA's wrongful conduct.

25.  Plaintiff Thomas H. Gooden is a resident of the State of Florida and has been issued Commercial Drivers License Number G350828583060.

A.  Defendant FMCSA has prepared and made available for dissemination to potential employers of Plaintiff Gooden one or more PSP reports that include

references to the following alleged driver-related violations:

| PSP Report Date | Driver Name | Driver Violation | Description of Violation |
|---|---|---|---|
| 6/25/2014 | Gooden, Thomas | 395.8 | Log violation (general/form and manner) |
| | | 392.2 | Violation of Local Laws |
| | | 392.2W | Excessive Weight violation |
| | | 395.8(f)(1) | Drivers record of duty status not correct |
| | | 392.16 | Failing to use seat belt while operating CMV |

B.  The Secretary of Transportation has not made a determination that the violations identified above in Mr. Gooden's PSP report are "serious driver-related violations" under 49 U.S.C. § 31150(d).

C.  The Secretary of Transportation has not authorized or required enforcement officials to prohibit drivers from continuing to operate a commercial motor vehicle until the violations identified above in Mr. Gooden's PSP report have been corrected.

D.  FMCSA has disparaged Plaintiff Gooden's qualifications for employment as a commercial motor vehicle driver in a manner not authorized by law. FMCSA's action was designed to compromise or impair and has compromised or impaired Gooden's ability to secure gainful employment with good wages and benefits within the trucking industry.

E.  Disparagement of Plaintiff Gooden's qualifications as a commercial motor vehicle operator has had a negative economic or pecuniary impact on his ability to earn a living as a commercial motor vehicle.

F.  The only avenue available to Plaintiff Gooden to acquire current and accurate information with respect to FMCSA's unlawful conduct is to purchase a copy of

his PSP report from Defendant. Plaintiff Gooden is required to pay a fee of $10.00 to FMCSA's statutory employee each time he seeks to gain access to a current copy of his PSP report from Defendant.  5 U.S.C. § 552a(m).

G. Plaintiff Gooden has been adversely effected by Defendants' conduct and has suffered actual damages within the meaning of 5 U.S.C. § 552a(g)(1)(D) as a result of FMCSA's wrongful conduct.

26.     Plaintiff C. Douglas Heisler is a resident of the State of Pennsylvania and has been issued Commercial Drivers License Number 22316724.

A. Defendant FMCSA has prepared and made available for dissemination to potential employers of Plaintiff Heisler one or more PSP reports that include references to the following alleged driver-related violations:

| PSP Report Date | Driver Name | Driver Violation | Description of Violation |
|---|---|---|---|
| 4/25/2014 | Heisler, C. | 395.8 | Log violation (general/form and manner) |
| | | 395.8 | Log violation (general/form and manner) |
| | | 395.8 | Log violation (general/form and manner) |
| | | 392.2 | Violation of Local Laws |
| | | 395.8(f)(1) | Drivers record of duty status not correct |
| | | 395.8 | Log violation (general/form and manner) |

B. The Secretary of Transportation has not made a determination that the violations identified above in Mr. Heisler's PSP report are "serious driver-related violations" under 49 U.S.C. § 31150(d).

C. The Secretary of Transportation has not authorized or required enforcement officials to prohibit drivers from continuing to operate a commercial motor vehicle until the violations identified above in Mr. Heisler's PSP report have been

corrected.

D. FMCSA has disparaged Plaintiff Heisler's qualifications for employment as a commercial motor vehicle driver in a manner not authorized by law. FMCSA's action was designed to compromise or impair and has compromised or impaired Heisler's ability to secure gainful employment with good wages and benefits within the trucking industry.

E. Disparagement of Plaintiff Heisler's qualifications as a commercial motor vehicle operator has had a negative economic or pecuniary impact on his ability to earn a living as a commercial motor vehicle.

F. The only avenue available to Plaintiff Heisler to acquire current and accurate information with respect to FMCSA's unlawful conduct is to purchase a copy of his PSP report from Defendant. Plaintiff Heisler is required to pay a fee of $10.00 to FMCSA's statutory employee each time he seeks to gain access to a current copy of his PSP report from Defendant. 5 U.S.C. § 552a(m).

G. Plaintiff Heisler has been adversely effected by Defendants' conduct and has suffered actual damages within the meaning of 5 U.S.C. § 552a(g)(1)(D) as a result of FMCSA's wrongful conduct.

27. Plaintiff Walter Johnson is a resident of the State of Massachusetts and has been issued Commercial Drivers License Number S62148172.

A. Defendant FMCSA has prepared and made available for dissemination to potential employers of Plaintiff Johnson one or more PSP reports that include references to the following alleged driver-related violations :

| PSP Report Date | Driver Name | Driver Violation | Description of Violation |
|---|---|---|---|

| 4/16/2014 | Johnson, Walter | 392.2 | Violation of Local Laws |
|-----------|-----------------|-------|-------------------------|
| | | 392.22(a) | Failing to use hazard warning flashes |
| | | 395.8(f)(1) | Drivers record of duty status not correct |
| | | 395.8(f)(1) | Drivers record of duty status not correct |

B.  The Secretary of Transportation has not made a determination that the violations identified above in Mr. Johnson's PSP report are "serious driver-related violations" under 49 U.S.C. § 31150(d).

C.  The Secretary of Transportation has not authorized or required enforcement officials to prohibit drivers from continuing to operate a commercial motor vehicle until the violations identified above in Mr. Johnson's PSP report have been corrected.

D.  FMCSA has disparaged Plaintiff Johnson's qualifications for employment as a commercial motor vehicle driver in a manner not authorized by law. FMCSA's action was designed to compromise or impair and has compromised or impaired Johnson's ability to secure gainful employment with good wages and benefits within the trucking industry.

E.  Disparagement of Plaintiff Johnson's qualifications as a commercial motor vehicle operator has had a negative economic or pecuniary impact on his ability to earn a living as a commercial motor vehicle.

F.  The only avenue available to Plaintiff Johnson to acquire current and accurate information with respect to FMCSA's unlawful conduct is to purchase a copy of his PSP report from Defendant. Plaintiff Johnson is required to pay a fee of $10.00 to FMCSA's statutory employee each time he seeks to gain access to a current copy of his PSP report from Defendant.  5 U.S.C. § 552a(m).

G. Plaintiff Johnson has been adversely effected by Defendants' conduct and has suffered actual damages within the meaning of 5 U.S.C. § 552a(g)(1)(D) as a result of FMCSA's wrongful conduct.

28. Plaintiff Gayla S. Kyle is a resident of the State of Kansas and has been issued Commercial Drivers License Number K03364972.

A. Defendant FMCSA has prepared and made available for dissemination to potential employers of Plaintiff Kyle one or more PSP reports that include references to the following alleged driver-related violations:

| PSP Report Date | Driver Name | Driver Violation | Description of Violation |
|---|---|---|---|
| 5/22/2014 | Kyle, Gayla | 392.22(a) | Failing to use hazard warning flashes |
| | | 392.2PK | Unlawfully parking and/or leaving vehicle in the road |
| | | 392.22(a) | Failing to use hazard warning flashes |

B. The Secretary of Transportation has not made a determination that the violations identified above in Mr. Kyle's PSP report are "serious driver-related violations" under 49 U.S.C. § 31150(d).

C. The Secretary of Transportation has not authorized or required enforcement officials to prohibit drivers from continuing to operate a commercial motor vehicle until the violations identified above in Mr. Kyle's PSP report have been corrected.

D. FMCSA has disparaged Plaintiff Kyle's qualifications for employment as a commercial motor vehicle driver in a manner not authorized by law. FMCSA's action was designed to compromise or impair and has compromised or impaired Kyle's ability to secure gainful employment with good wages and benefits within

the trucking industry.

E.   Disparagement of Plaintiff Kyle's qualifications as a commercial motor vehicle operator has had a negative economic or pecuniary impact on her ability to earn a living as a commercial motor vehicle.

F.   The only avenue available to Plaintiff Kyle to acquire current and accurate information with respect to FMCSA's unlawful conduct is to purchase a copy of her PSP report from Defendant. Plaintiff Kyle is required to pay a fee of $10.00 to FMCSA's statutory employee each time she seeks to gain access to a current copy of her PSP report from Defendant.  5 U.S.C. § 552a(m).

G.   Plaintiff Kyle has been adversely effected by Defendants' conduct and has suffered actual damages within the meaning of 5 U.S.C. § 552a(g)(1)(D) as a result of FMCSA's wrongful conduct.

## DEFENDANT'S ACTIONS
## ARE INTENTIONAL OR WILLFUL

29.     Defendant FMCSA's conduct in disseminating reports under its PSP program other than accident reports or reports of serious driver-related violations is intentional or willful.

30.     49 U.S.C. § 31150(a) is clear and unambiguous.  FMCSA is authorized to release only accident reports and "[s]erious driver-related safety violation inspection reports."  Section 31150(d) requires the Secretary to identify serious driver-related inspection report[s]" that he "determines will result in the operator being prohibited from continuing to operate a commercial motor vehicle until the violation is corrected."

31.     FMCSA' unlawful dissemination of reports under the PSP program covering Plaintiff Drivers and others similarly situated has included (1) reports of violations not determined by the

Secretary of Transportation to include serious driver-related violations; and (2) reports of violations that could not qualify as serious driver-related violations as defined in 49 U.S.C. § 31150(d) even if the Secretary were deemed to have made a contrary determination.  This second category of violations includes those violations that do not result in the operator being prohibited from continuing to operate a commercial motor vehicle until the violation is corrected.

32.     FMCSA knows and at all times material to this complaint knew, that 49 U.S.C. § 31150(d) does not authorize it to disclose reports of violations that do not result in the operator being prohibited from continuing to operate a commercial motor vehicle until the violation is corrected.

33.     Defendants' conduct is in flagrant disregard of the statutory rights of Plaintiff Drivers and other similarly situated.  The statutory limitations on Defendants' authority to disseminate reports of driver-related violations are so clear and unambiguous that no person engaged in the conduct alleged in this complaint would have grounds to believe that such disclosure is within the authority conferred upon Defendants by statute.

34.     49 U.S.C. § 31150(c) specifically mandates that PSP reports be "designed to assist the motor carrier industry in assessing an individual operator's crash and *serious safety violation inspection history*. . . ." (Emphasis added).

35.     The Privacy Act authorizes dissemination "only of such information about an individual as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or Executive order of the President."  5 U.S.C. § 552a (e)(1). *See also* § 552a(e)(6).

36.     Dissemination of inspection reports of violations or alleged violations not identified by the Secretary as a "serious driver-related violation" and not "designed to assist the motor carrier industry in assessing an individual's crash and *serious safety violation inspection history*"

violates the Privacy Act, 5 U.S.C. § 552a (e)(1) and (6), because such dissemination is neither

relevant nor necessary to accomplish a statutory purpose under 49 U.S.C. §31150(a) – (d).

37.     On January 14, 2010, Defendant was informed of the limitations imposed on the

disclosure of inspection records under 49 U.S.C. § 31150 (a) – (d).  On that date, the Owner-

Operator Independent Driver Association, Inc. ("OOIDA"), a trade association representing the

interests of commercial motor vehicle drivers, filed comments with FMCSA pursuant to a

request for comments under System of Records Notice (SORN) published at 74 Fed. Reg. 66391

(December 15, 2009).  OOIDA's comments specifically identified the statutory limitations

imposed upon the dissemination of driver-related safety records under the PSP program and now

raised by Plaintiff Drivers in this complaint.

38.     On April 14, 2010, after receiving the comments filed by OOIDA on behalf of drivers in

the SORN, FMCSA published a Privacy Impact Assessment (PIA) covering its Pre-Employment

Screening Program.  That PIA shows that FMCSA understood its responsibilities under 49

U.S.C. § 311150(a):

**Personally Identifiable Information (PII) and PSP**

PSP processes, transmits, and stores the following distinct types of PII:

1. ***Commercial driver (CMV) crash and inspection information.*** Each month,
   FMCSA provides the PSP contractor with an updated MCMIS data extract
   containing driver crash data from the previous five (5) years and inspection
   data from the previous three (3) years. This MCMIS extract is used to create a
   driver profile known as the Driver Information Resource (DIR). * * * *

   In accordance with 49 U.S.C. _ 31150(a), the CMV *driver safety information*
   extracted from MCMIS and made available for pre-employment screening
   *comes from the following reports*: commercial motor vehicle accident reports;
   inspection reports that contain no driver-related safety violations; and *serious*
   *driver-related safety violation inspection reports*.  (Emphasis added).

39.     The provision of 49 U.S.C. § 31150 (a) – (d) establishing the PSP program and those of 5

U.S.C. § 552a (e)(1) constraining an agency's authority to disseminate information are so clear

and unambiguous that no person engaged in the conduct alleged in this complaint would have

grounds to believe it to be within the authority conferred upon Defendant by statute.

40.     FMCSA's 2010 PIA demonstrates Defendant's actual knowledge that 49 C.F.R. §

31150(a) requires that PSP reports should be drawn from accident reports and "serious driver-

related safety violation inspection reports."

41.     Defendant's conduct is a flagrant disregard of the statutory rights of Plaintiff Drivers and

others similarly situated and is intentional or willful.

**PLAINTIFF DRIVERS HAVE SUSTAINED ACTUAL DAMAGES**

42.     Plaintiff Drivers and others similarly situated have sustained economic or pecuniary loss

as a result of FMCSA's implementation of its PSP program.

43.     Each driver for whom a PSP report has been prepared must pay a fee of $10.00 in order

to acquire a copy of that PSP report from NIC, FMCSA's contractor and, by statute, an employee

of FMCSA.  5 U.S.C. § 552a(m).  This fee is not authorized under 49 U.S.C. § 31150(a)-(d) and

imposes an economic and pecuniary burden upon drivers as a condition of securing and

evaluating the PSP reports prepared for dissemination to potential employers of commercial

motor vehicle drivers.

44.     FMCSA updates on a monthly basis the extracts from its MCMIS database that are

prepared for incorporation into PSP reports.  On information and belief, new reports of alleged

violations are added each month and reports of violations older than three years and crash reports

older than five years are reportedly deleted.  In order to remain current with the content of his or

her PSP report, drivers must purchase PSP reports on an ongoing basis at a cost of $10.00 per

report.

45.     Access to driver safety data directly from the MCMIS database under the Freedom of

Information Act (FOIA) does not provide drivers with current and accurate information.  Each

FOIA report furnished to drivers by Defendant under the FOIA contains the following

disclaimer:

WARNING

> FMCSA does not guarantee that all events displayed for a driver are relevant to
> that driver, nor can it be guaranteed that all relevant events for drivers are
> displayed. Therefore, FMCSA recommends that FMCSA and State enforcement
> personnel recognize that the result of DIR do not provide definitive driver
> histories.

Disclosures under FOIA do not show, among other things, which violations, if any, have been

determined to be "serious driver-related violations," and which violations, if any, have been

extracted from the MCMIS database for inclusion in the driver's PSP report at any particular

point in time.

46.     Plaintiff Drivers and others similarly situated are also harmed economically by the

actions of FMCSA under its PSP program when the agency unlawfully disseminates reports of

alleged violations not determined by the Secretary to be serious driver-related safety violations.

47.     The goal of the PSP program is to influence the decisions of motor carriers in the hiring

of commercial motor vehicle drivers by providing access to driver accident reports and reports of

serious driver-related violations.  Motor carriers with access to such records are more likely to

hire individuals with the most satisfactory reports and less likely to hire individuals with less

satisfactory reports.

48.     Dissemination of reports of driver-related safety violations from FMCSA's MCMIS

database diminishes the economic value of the services of individual driver candidates for

employment resulting in economic or pecuniary harm to such drivers.  FMCSA's authority to

disseminate disparaging information about drivers to potential employers is strictly limited under

49 U.S.C. § 31150(a)-(d) and 5 U.S.C. § 552a(e)(1) and (6).  Defendant has exceeded its statutory authority in disseminating such reports.

49.     The intentional and willful disparagement of driver qualifications violates the rights of commercial motor vehicle drivers under the Privacy Act.  Such disparagement has a negative economic or pecuniary impact on Plaintiff Drivers and others similarly situated.

50.     According to informal surveys of motor carriers conducted by FMCSA, reports of driver-related safety violations have a negative impact on the ability of individual driver candidates to command better compensation and benefits when they are hired.

51.     The status of a driver's PSP report also has an influence on the willingness and ability of individual commercial motor vehicle drivers to seek out better employment opportunities with motor carriers.  Individuals with reports of driver-related safety violations on their PSPs are discouraged from seeking out better employment opportunities.

52.     The employment prospects of Plaintiff Drivers and others similarly situated have been diminished and they have been economically harmed by the actions of FMCSA in unlawfully disseminating driver safety records not authorized by statute for dissemination under the PSP program.

53.     Plaintiff Drivers and others similarly situated have been adversely effected by Defendants' conduct and have sustained actual damages as a result of FMCSA's violation of their rights under Privacy Act.  Plaintiff Drivers and members of the class for which certification will be sought are entitled to recover statutory damages of $1,000 per violation under 5 U.S.C. § 552a (g)(4).

## CLASS ACTION ALLEGATIONS

54.     Plaintiffs seek to represent a class (hereinafter "Class") consisting of all individuals in the United States for whom FMCSA has collected, maintained and transmitted for dissemination

under the Pre-employment Screening Program inspection reports that contain references to alleged safety violations not determined by the Secretary of Transportation to be serious driver-related safety violations.

55.     On information and belief, there are over ten thousand (10,000) individuals members of this Class.  These individuals are residents of virtually every state.  As commercial vehicle drivers, they are on the road continuously, and are, therefore, widely dispersed geographically. Joinder of all potential Class members would be impracticable.

56.     There is a well-defined commonality of interest in the questions of law and fact arising in this case.  Questions of law and fact common to the members of the Class include, but are not limited to:

a.  Whether PSP reports by Defendant for dissemination to potential employers of drivers that identify enforcement activity that does not constitute serious driver-related safety violations within the meaning of 49 U.S.C. §§ 31150(a), (c) and (d) constitute a violation of the Privacy Act;

b.  Whether Defendant's conduct in disseminating reports under its PSP program, other than accident reports or reports of serious driver-related violations, was intentional or willful; and

c.  Whether Plaintiff Drivers and others similarly situated have been adversely effected and have sustained actual damages as a result of Defendant's conduct.

57.     The claims of the Plaintiffs are typical of the claims of the Class because Plaintiffs and the other Class members have been adversely effected and have sustained actual damages arising out of the same wrongful conduct described herein.

58.     Plaintiffs are capable of fairly and adequately protecting the interests of the Class. Plaintiffs have retained counsel that are experienced in litigating complex class actions. Neither Plaintiffs nor their counsel have any interests that are adverse to those of the Class.

59.     Defendant has acted or failed to act on grounds generally applicable to the potential class as a whole, as alleged in this Complaint.

60.     The questions of law enumerated in this complaint are common to all potential class members and predominate over any questions affecting only individual members which are essentially limited to the amounts due each member. Therefore, a class action is superior to other available methods for the fair and efficient adjudication of the claims alleged in this Complaint. Thus, class certification is appropriate under Fed. R. Civ. P. 23(b)(3).

61.     Other factors favoring the certification of this suit as a class action include:

   a)     the amounts in controversy for individual owner-operators are relatively small, so that individual members of the Class would not find it cost-effective to bring individual claims;

   b)     requiring individuals to prosecute separate actions would substantially impair or impede the individual members' ability to protect their interests;

   c)     on information and belief, there is no litigation already commenced by Class members concerning the causes of action for damages arising under the Privacy Act raised in the Complaint;

   d)     each member of the class is identified individually in the MCMIS database maintained by FMCSA; and

   e)     no substantial difficulties are likely to be encountered in managing this class action.

**CLAIM FOR RELIEF**

**Defendant's Unauthorized Dissemination of Inspection Reports Under
its PSP Program Is Actionable Under
5 U.S.C. § 522a(g)(1)(D)**

62.     Plaintiffs incorporate and re-allege ¶¶ 1- 61, above.

63.     Defendant regularly identifies for release to motor carriers and to persons conducting pre-employment screening services violations or allegations of violations of Federal Motor Carrier Safety Regulations that have never been determined by the Secretary to be serious driver-related violations and/or that do not satisfy  the criteria for a serious driver-related violation set forth in 49 U.S.C. § 31150(d).

64.     The Privacy Act permits an individual to bring a civil action against an agency when it "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual…." 5 U.S.C. § 552a(g)(1)(D).

65.     Defendant's conduct in providing access to driver inspection reports under 49 U.S.C. § 31150(a) that include reports of violations or alleged violations not identified by the Secretary to be reports of serious driver-related violations and/or that do not satisfy the criteria for a serious driver-related violation within the meaning of 49 U.S.C. § 31150(d) violates 5 U.S.C. § 552a(e)(1) and (6), and is actionable under 5 U.S.C. § 552a(g)(1)(D) because:

      a. Defendant's conduct is intentional or willful;

      b. Defendant's conduct has had an adverse effect on each of the Plaintiff Drivers and others similarly situated; and

      c. Each of the Plaintiff Drivers and others similarly situated have sustained actual damages in the form of economic or pecuniary loss as a result of Defendant's conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Drivers request that this Court enter a judgment in their favor, to wit:

1. Certify a class comprised of all drivers for whom Defendant FMCSA has prepared a PSP report for dissemination to potential employers in the two year period immediately prior to the date when this Complaint was filed that includes one or more reports of driver-related safety violations not previously determined by the Secretary of Transportation to be a report of a serious drive-related violation within the meaning of 49 U.S.C. § 31150(d);

2. Appoint Plaintiff Drivers as Class Representatives;

3. Appoint counsel for Plaintiff Drivers as Class Counsel;

4. Award statutory damages of $1,000 per violation to each of the Plaintiff Drivers and to each member of the class certified by the Court;

5. Award Plaintiff Drivers their costs of litigation, including reasonable attorneys' fees;

6. Establish a common fund comprised of damages awarded to members of the Plaintiff Class;

7. Award Class Counsel reasonable attorneys fees and expenses payable out of the common fund; and

8. Order such other relief as the Court may deem just and proper.

Respectfully submitted,

DATE:  July 18, 2014

/s/ John A. Kiernan
John A. Kiernan  (MA. Bar # 271020)
Bonner Kiernan Trebach & Crociata LLP
200 Portland Street, 4th Floor
Boston, MA 02114
(617) 426-3900

Of Counsel:

Paul D. Cullen, Sr. (D.C. Bar # 100230)
David A. Cohen (D.C. Bar # 481747)
Paul D. Cullen, Jr. (D.C. Bar # 463759)
THE CULLEN LAW FIRM, PLLC
1101 30th Street, N.W., Suite 300
Washington, D.C. 20007
(202) 944-8600